**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **W.H. and M.H.**

**No. 24-270** (Clay County CC-08-2023-JA-16 and CC-08-2023-JA-17)


## MEMORANDUM DECISION


Petitioner Father A.W.[1] appeals the Circuit Court of Clay County's April 16, 2024, order terminating his parental rights to W.H. and M.H., arguing that the court erred in denying him an extension of his improvement period, terminating his parental rights, and denying him post-termination visitation with the children.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2023, the DHS filed a petition alleging that when W.H. was born, the mother tested positive for controlled substances. The DHS further alleged that the petitioner and the mother used controlled substances to the detriment of their parenting abilities and that they failed to provide the children with a suitable, drug-free home. On June 15, 2023, the DHS filed an amended petition alleging that the petitioner tested positive for methamphetamines and THC on multiple occasions after the initial petition's filing.

On June 23, 2023, the court held an adjudicatory hearing during which the petitioner stipulated to all of the allegations in the petition and was adjudicated as an abusing and neglecting parent. The court found, among other things, that the petitioner's use of controlled substances impaired his ability to parent the children and that he failed to provide suitable housing for the

---

[1] The petitioner appears by counsel Andrew B. Chattin. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Mackenzie A. Holdren appears as the children's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

children. In July 2023, the court granted the petitioner a post-adjudicatory improvement period, the terms of which included, among other things, obtaining employment and suitable housing, participating in parenting and adult life skills classes, submitting to drug screens, and attending outpatient drug treatment.

In February 2024, the court held a dispositional hearing at which a Child Protective Services worker testified that the petitioner did not attend many of his scheduled drug screens, tested positive for controlled substances on some of the screens he did attend, did not participate in any drug treatment, and had not seen the children since the petition's filing. The worker explained that the DHS recommended termination of the petitioner's parental rights due to his nonparticipation. During his testimony, the petitioner admitted that he had not seen the children since the case started but claimed that he had a good bond with M.H. before the initiation of the proceedings. Then, he admitted to using methamphetamine as recently as four weeks prior, confirmed that he did not have suitable housing or verifiable employment, and agreed that he had not done most of the things that the circuit court ordered.

Based upon the evidence, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected within the foreseeable future and that no less restrictive alternative was available to protect the health, safety, and welfare of the infant children. The court further found that the petitioner failed to comply with nearly all of the terms of his improvement period, as he continued to use drugs, failed to obtain suitable housing, failed to gain employment, and refused to attend drug treatment. The court noted that due to the petitioner's failure to comply with its orders, he had not exercised visitation with the children in eight months and had not seen W.H. since his birth. Due to his failure to comply with the terms of his improvement period and the court's directives, the court terminated the petitioner's parental rights and ordered that he have no contact with the children. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by finding that he failed to correct the conditions of abuse and neglect and by terminating his parental rights. To support his argument, he asserts that he "somewhat" complied with the terms of his improvement period and, as such, was entitled to an extension. According to West Virginia Code § 49-4-610(6), a circuit court may only grant an extension upon a finding that the parent "substantially complied with the terms of the improvement period." However, the petitioner readily admits to only "somewhat" complying with the terms of his improvement period. Further, the court specifically found that he failed to comply with nearly all of the terms of his improvement period, as he continually used drugs, failed to obtain suitable housing or verifiable employment, and refused to attend drug treatment. As such, we discern no error in the circuit court's finding that the petitioner had not substantially complied with the terms of his post-adjudicatory improvement period and refusal to grant the petitioner an extension thereof. *See In re Katie S.*, 198 W. Va. 79, 90, 479 S.E.2d 589, 600 (1996) (explaining that the circuit court did not

---

[3] The mother's parental rights remain intact, and the permanency plan for the children is to remain in her care.

abuse its discretion in denying a request for an extension of an improvement period when the parent failed to comply with the terms contained therein).

The petitioner also argues that the circuit court erroneously terminated his parental rights because termination was too drastic of a disposition and unnecessary in light of his partial compliance with his improvement period. However, the court may terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future, and when necessary for the welfare of the child." W. Va. Code § 49-4-604(c)(6). These conditions exist when

> [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

W. Va. Code § 49-4-604(d)(1). As discussed above, the petitioner failed to adhere to nearly all of the terms of his improvement period and, critically, continued to use drugs throughout the proceeding. Based upon this evidence, the court found no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect, and the children's welfare necessitated termination of his parental rights. As such, we decline to disturb the circuit court's decision.

Finally, the petitioner briefly argues that because he testified to having a bond with the children, he was entitled to post-termination visitation provided that he was drug free. In support, he contends that the DHS did not present any evidence that a bond did not exist between the petitioner and the children. However, the petitioner testified that he had not exercised visitation with the children because he was unable to provide clean drug screens and admitted to recent drug use. Moreover, the court found that the petitioner had not seen either child since W.H. was born approximately eight months prior. In determining whether post-termination visitation is appropriate, the circuit court should "consider whether continued visitation or other contact with the abusing parent is in the best interest of the child" and "whether a close emotional bond has been established between parent and child." Syl. Pt. 5, in part, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). However, "[t]he evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." *Id.* The evidence indicated that the petitioner continued to use drugs throughout the proceedings and never began visitation with the children due to his drug use. As such, we discern no error in the circuit court's denial of the petitioner's request for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 16, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2025

3

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV